ORDER (Denying Appeal)
On October 21, 2013, the appellant, by and through Attorney James C. Ritland, filed a timely appeal of a final Trial Court judgment issued on August 20, 2018. HCN R.App. P. 7(b)(1), 11(a), available at http://www.ho-ehunknation.com/?PageId= 123. “Any party to a civil action ... who is dissatisfied with [a] judgment ... may appeal to the Supreme Court.” HCN Const., art. VII, § 14, available at http://www.ho-chunknation.com/?Pageld =294. Presumptively, “this Court is required to accept appeals which state an appealable issue.” Deena M. Basina v. William P. Smith, SU 00-08 (HCN S.Ct., July 13, 2000) at 2. The Court, however, has consistently construed the constitutional right to appeal as applying only to a review of final judgments.[1] HCN R.App. P. 7; see also, e.g., Stewart Miller v. Ho-Chunk Nation et al., SU 99-08 (HCN S.Ct., Sept. 15, 1999).
Moreover, while the Constitution “confers the right to appeal ..., that power is circumscribed by the procedures set out in the HCN Rules of Appellate Procedure- [Ajny party who seeks an appeal must abide by the procedural rules established by this Court.... ” Bonnie Smith v. HCN Gaming Comm’n, SU 01-03 (HCN S.Ct., Mar. 16, 2001) at 1 (citing HCN Const., art. VII, § 7(b)). In this sense, “[ajppeals are not automatically a matter of right but are within the Court’s discretion. The HCN R.App. P. provide the guidelines as to how parties file an appeal.” Veronica L. Wither v. Ho-Chunk Nation, SU 04-02 (HCN S.Ct., Apr. 14, 2004) at 2. The Court may decline to accept an appeal for failure to adhere to clear procedural requisites. See Gale S. White v. Jean Day et al., CV 07-54 (HCN Tr.Ct., Dec. 9, 2008) at 16-17. “This Court, despite its infancy, must require those who come into our court system to follow our rules and requirements.” Leigh Stephen et al. v. Ho-Chunk Nation, SU 99-01 (HCN S.Ct., Mar. 23, 1999) at 3.
The Supreme Court has erected rather minimal requirements regarding the content of a notice of appeal.[2] An appellant first needs to establish the basic parameters of the appeal. “The Notice of Appeal shall identify the party/parties making the appeal by name and address, and shall identify the final judgment or order being appealed by name and case number.” HCN R.App. P. 11(a). An appellant then must set forth the essential contours of the appeal.
The Notice of Appeal must include a short statement of the reason or grounds for the appeal. The party filing the appeal must articulate exactly how the lower court erred as a matter of law when considering the facts offered to *445 that court. The statement should include references and/or citations to the applicable law.
Id,., Rule 11(b) (emphasis added).
The Court deems that the appellant has not satisfied the above-quoted appellate requirements. The appellant’s notice of appeal begins with a short recitation of the facts underlying the dispute followed by a conclusory statement that the Trial Court denied the administrative appeal. Notice of Appeal, SU 13-08 at 1. The appellant next presents four (4) separate legal issues for appellate consideration.[3] Id. at 1-2. The appellant concludes with a section entitled, “Citations,” wherein she articulates four (4) somewhat disparate points of law: 1) the absence of deference to an agency that ignores facts in the record; 2) the abuse of discretion standard of appellate review; 3) the definitional aspects of the substantial evidence test; and 4) the presumption of progressive discipline in Ho-Chunk “for cause” employment. Id. at 2.
The notice of appeal does not arguably contain “a short statement of the reason or grounds for the appeal.” HCN R.App. P. 11(b). More importantly, while the appellant phrased her issues as questions attributing error on behalf of the Trial Court, she fails to “articulate exactly how the lower court erred as a matter of law.” Id. An appellant must preliminarily offer such a contention before the Supreme Court may begin reviewing “the factual findings and conclusions of law of the Trial Court.” Id., Rule 6. These essential elements must appear within a notice of appeal, and their absence will inevitably lead to a denial of appellate consideration. See, e.g., Kenneth L. Twin v. Douglas Greengrass et al., SU 04-08 (HCN S.Ct., Dec. 29, 2004); Cheryl Smith v. Ho-Chunk Nation et al., SU 00-07 (HCN S.Ct., May 26, 2000). Consequently, the Court denies the present appeal.
EGI HESKEKJET.

. The appellate rules do not expressly contemplate the filing of an answer to a Notice of Appeal prior to its acceptance or rejection by this Court. HCN R.App. P. 7(e). In contrast, an appellee may submit an oppositional answer within ten (10) days after the filing of a Petition for Permission to Appeal an interlocutory decision. HCN R.App. P. 8.

. In certain situations, irrelevant here, a party may conceivably incorporate a request for a stay of the Trial Court order. HCN R.App. P. 7(c).

. An appellant is not expected to enumerate the issues upon appeal until submission of the initial brief. HCN R.App. P. 13(a)(2).